# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRELL K. HAZE,**

    **Plaintiff,**

  v.                                                                                                                                                                           **Case No. 13-CV-1344**

**MARK KUBICEK,**

    **Defendant.**

## ORDER ON MOTIONS *IN LIMINE*

In preparation for trial, the parties in the above-captioned case each filed numerous motions *in limine*. (Docket # 69, 71.) Most of the motions were decided at the pretrial conference (Docket # 76), and an agreed-upon motion *in limine* was granted at the most recent status conference (Docket # 82). Many of the remaining motions *in limine* were mooted by the parties' agreement to not use expert witnesses. (Docket # 83.) There are three outstanding motions *in limine* to be resolved: first, plaintiff Darrell Haze's motion *in limine* number six, concerning the use of deposition testimony from other cases; second, defendant Officer Mark Kubicek's motion *in limine* number five, which, at this stage, concerns whether or not Haze may elicit testimony about the dismissal of the citation issued during the events underlying this lawsuit; and third, Officer Kubicek's objection to Haze's proposed jury instructions that effectively seeks to prevent Haze from presenting evidence of his equal protection class-of-one claim. I will address each of these motions in turn.

*Deposition Testimony*

Haze filed a motion *in limine* seeking an order prohibiting the defense from cross-examining him or otherwise presenting any evidence or testimony of depositions in other cases. (Docket # 69 at 3.) Haze argues that the evidence is collateral to the issues in this case and would be presented solely for the purpose of contradiction. At the hearing, counsel for Kubicek stated that the relevant portion of this deposition was a question to Haze about whether he had previously filed any other lawsuits, to which Haze answered "no" even though he had indeed filed previous lawsuits. Counsel indicated that he may want to ask Haze whether he has ever lied under oath. He further indicated that he did not intend to bring up the issue directly but noted that it could become relevant depending on how the testimony is developed. Haze's attorney countered that not only did Haze later correct his answer but also noted that in a prior lawsuit, another judge in this district found this evidence collateral and therefore proscribed its use during trial. *See Haze v. Marchant et al.*, Case No. 13-CV-1448 (E.D. Wis) at Docket # 63.

As it stands, the attorneys were to confer once plaintiff's counsel provided defense counsel with the errata from the deposition transcript. Because there is a possibility that the issue has been or will be resolved based on the transcript, I will withhold ruling on plaintiff's motion *in limine* six until I confer with the parties' attorneys prior to trial.

*Dismissal of Citation*

Officer Kubicek seeks to prohibit the introduction of evidence about the municipal trial on the citation for disorderly conduct issued to Haze. I have already ruled that anything said by the municipal court judge during the course of the trial will not be introduced. Haze's counsel stated that he is willing to limit the information about the citation to the fact that it was dismissed. Therefore,

the question remaining is whether the plaintiff should be permitted to introduce evidence that the citation was dismissed.

After weighing the potential for prejudice of either excluding or admitting the fact that the municipal citation was dismissed, I conclude that there is a greater risk of potential for prejudice to the plaintiff if the evidence is not admitted. Jurors might improperly speculate about the outcome of the municipal citation. Additionally, allowing that limited fact will not open the doors to collateral issues not before the jury. As I indicated at the pretrial conference, the parties are prohibited from eliciting testimony regarding the circumstances surrounding the dismissal (municipal judge's in-chambers conference) and the judge's reasons and/or statements for dismissing the citation. I will therefore allow the introduction of the limited fact of the dismissal of the citation. The defendant's motion *in limine* number five is therefore granted in part and denied in part.

*Equal Protection Claim*

Finally, in his objections to the plaintiff's proposed jury instructions, Officer Kubicek argues that Haze should not be able to proceed on his equal protection class-of-one claim. (Docket # 80 at ¶ 15.)

In equal protection class-of-one claims, the plaintiff is not suing as a member of a protected, identifiable group (race or gender, for example). *See Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 895 (7th Cir. 2012). Instead, the plaintiff sues as an individual on the basis that a government official or entity treated him, in simplest terms, unfairly without a good reason. *See id.* at 889. In *Del Marcelle*, the Seventh Circuit noted that the law "concerning 'class-of-one' equal protection claims is in flux." *Id.* at 888. However, at the very least "the law is settled that a class-of-one plaintiff must show at least intentionally discriminatory treatment lacking a rational basis." *Jordan v. Cockroft*, 490 Fed. Appx.

- 3 -

813, 815 (7th Cir. 2012) (citing *Del Marcelle*, 680 F.3d at 899, 913); *see also Fares Pawn, LLC v. Indiana Dept. of Financial Institutions*, 755 F.3d 839, 845 (7th Cir. 2014) ("It is clear that a class-of-one plaintiff must show (1) that he has been intentionally treated differently from other similarly situated, and (2) that there is no rational basis for the difference in treatment.") Though in *Del Marcelle* the court was unable to reach a consensus on the issue of whether a plaintiff must allege and ultimately prove that the government official(s) acted with "some kind of bad motive not grounded in their public duties," the Seventh Circuit has since found that even if a plaintiff presents facts that cast the official's action as "one taken out of animosity," if a rational basis for the action can be found, "that will be the end of the matter—animus or no." *Fares Pawn*, 755 F.3d at 845 (internal quotations and citations omitted). "The rational-basis requirement sets the legal bar low and simply requires a 'rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F3d 681, 686 (7th Cir. 2013) (quoting *Srail v. Village of Lisle, Ill.*, 588 F.3d 950, 946 (7th Cir. 2009) (internal quotation marks omitted)).

Here, Haze alleges that Officer Kubicek treated him differently from similarly situated people, that Officer Kubicek's decisions to stop, detain, interrogate, and prosecute him were arbitrary and irrational, and that there was no rational basis for the difference in treatment. (Am. Compl., Docket # 30 at ¶¶ 51-54.) He alleges that Officer Kubicek singled him out because Officer Kubicek "did not like him" and that he "continued to prosecute [him] in retaliation for [him] filing a complaint against [Officer Kubicek] and other officers." (*Id.* at ¶¶ 55, 57.)

Officer Kubicek moves to dismiss this claim on the ground that there is nothing to support Haze's assertion that Officer Kubicek did not like him. In other words, Officer Kubicek argues that Haze has not sufficiently pled animus. But the Seventh Circuit's more recent decisions have clarified

- 4 -

the elements of equal protection class-of-one claims. It is sufficient for Haze to state a claim by merely alleging that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment, regardless of animosity. *Fares Pawn*, 755 F.3d at 845. Haze's amended complaint does that.

Additionally, whatever deficiencies in Haze's statement of his claim, Officer Kubicek did not file a motion to dismiss. Officer Kubicek challenges the claim in the form of an objection to a proposed jury instruction. And although he filed a motion for summary judgment, he did not move for summary judgment on Haze's equal protection claim. Nor did he raise it in his previous motions *in limine*. The first time that Officer Kubicek made the argument that the equal protection class-of-one claim should be dismissed was in his objections to the plaintiff's proposed jury instructions, which were filed after the pretrial conference and before the most recent status conference. Officer Kubicek has had multiple opportunities to move to have the claim dismissed (or move to have summary judgment granted on it). Given the Seventh Circuit's more recent statements of the elements of class-of-one claims and the context in which the objection to the claim has been raised, I will not prevent the plaintiff from introducing evidence on this claim.

Officer Kubicek, however, is not without recourse. Rule 50(a) of the Federal Rules of Civil Procedure permits a party to move for judgment as a matter of law on a claim or defense before the case is submitted to the jury. If at the close of evidence, Officer Kubicek continues to believe that Haze has not met his burden on the equal protection class-of-one claim, he, like any other party, may avail himself of Rule 50(a).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that I will **WITHHOLD RULING** on plaintiff's motion *in limine* number six; defendant's motion *in limine* number five is **GRANTED IN PART AND DENIED IN PART**, to the extent that the plaintiff may introduce evidence of the fact of dismissal of the citation; and the defendant's request to dismiss or prevent the introduction of evidence on the equal protection claim is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of April, 2016.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge