UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARREL K. HAZE,

    Plaintiff,

  v.                                      Case No. 13-CV-1344

MARK KUBICEK,

    Defendant.

## DECISION AND ORDER

Darrel K. Haze filed a lawsuit against Milwaukee police officer Mark Kubicek, alleging that Kubicek unlawfully stopped him, used excessive force against him, and falsely arrested him, and that, in addition, these actions violated the Equal Protection Clause of the Fourteenth Amendment. The case was tried to a jury over two days in April 2016. The jury found that Kubicek lacked the requisite reasonable suspicion to stop Haze but that the stop was not the proximate cause of injury to Haze. The jury found that the force used was not excessive, that Kubicek did not falsely arrest Haze, and that Haze's equal protection rights were not violated.

Following the trial, Haze filed a motion to alter the judgment noting that although the jury found the stop was not the proximate cause of injury to Haze, it nonetheless found in favor of him by finding Kubicek lacked the reasonable suspicion to make the stop. (Docket # 98.) I issued an amended judgment reflecting this fact (Docket # 100), and thereafter, Haze filed a (second) motion for judgment notwithstanding the verdict (Docket # 101). In it, Haze argues that because the jury found Kubicek lacked reasonable suspicion to

stop him, the jury also should have found for him on his excessive force claim. In this motion, Haze requests that I award him nominal damages and issue a declaration stating that Kubicek violated his constitutional protections against unlawful stops and excessive force. However, in a separate motion as well as in his reply brief in support of this motion, Haze requests that he be granted a new trial on the basis that the jury's verdict was inconsistent.

In either request for relief, the preliminary question is whether the jury's verdict is in fact inconsistent. "As a rule civil juries must return consistent verdicts." *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005) (internal quotation marks omitted) (quoting *Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 677 (7th Cir. 1985)). A court should reconcile, rather than overturn, inconsistent verdicts whenever possible. *Id.* (citing *Will*, 776 F.2d at 678). In order for a party to receive a new trial as the result of inconsistent verdicts, the party must show that "'. . . no rational jury could have brought back' the verdicts that were returned." *Id.* (internal quotation marks removed).

As I noted above, the jury in this case found that Kubicek did not have the requisite reasonable suspicion to stop Haze. When the jury reached the second claim—excessive force—the verdict form asked "Did Officer Kubicek use unreasonable force against Mr. Haze?" (Completed Verdict Form, Docket # 96 at 4.) The foreperson marked "No." (*Id.*) Haze contends that because the jury found Kubicek lacked reasonable suspicion to stop Haze, any amount of force used by Kubicek—no matter how little—was excessive. The verdicts, he claims, are therefore inconsistent.

Haze relies on legal precedent that requires a stop be justified in order for a subsequent frisk to be lawful. *See Arizona v. Johnson*, 555 U.S. 323, 326-27 (2009) ("The

2

Court upheld 'stop and frisk' as constitutionally permissible if two conditions are met. First, the investigatory stop must be lawful. . . . Second, to proceed from a stop to a frisk, the police officer must reasonably suspect that the person is armed and dangerous.") Haze argues that this principle should apply to excessive force claims: that any force used to effectuate a seizure is excessive if that seizure is not supported by reasonable suspicion (or probable cause). However, he has not provided, nor have I found, any precedent that suggests such a rule applies or should apply to excessive force claims. And taking this proposition to its logical conclusion would mean a rule where any exertion of force—even the most *de minimis* tap on the shoulder—would constitute excessive force where an officer lacked reasonable suspicion to stop someone. When the focus of the inquiry in an excessive force claim is reasonableness, *see Graham v. Connor*, 490 U.S. 386 (1989), the implementation of such a rule seems particularly unsuitable.

What is more, nothing in the special verdict form instructed the jury that it should reference its verdict in the unlawful stop claim when reaching a verdict on the excessive force claim. The verdict is not irreconcilable; this is not a case where "no rational jury" could have returned the verdict returned in this case. Neither judgment notwithstanding the verdict nor a new trial is warranted.

However, Haze has also requested that I alter the judgment to reflect an award of nominal damages on his unlawful stop claim.[1] "[I]n civil rights cases, nominal damages are appropriate when a plaintiff's rights are violated but there is no monetary injury." *Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 805 (7th Cir. 2016) (citing *Carey v. Piphus*,

---

[1] The jury was instructed that if it found for Haze on any of his claims but did not believe he had proven compensatory damages, it should award him the nominal amount of $1.00. (Jury Instructions, Docket # 26 at 34.)

3

435 U.S. 247, 266-67 (1978)). The Supreme Court has explained the reason that nominal damages are appropriate in civil rights cases:

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actionable injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

*Carey*, 435 U.S. at 266.

The jury did find that Kubicek lacked reasonable suspicion when he stopped Haze, and it therefore found that Haze's right to be free from a seizure without the requisite reasonable suspicion was violated. Though the jury found that Haze had shown no injury, he is nonetheless entitled to nominal damages. Haze's request that he be awarded nominal damages is therefore granted. The judgment will be amended to reflect an award of $1.00 on his unlawful stop claim. However, I will not, as Haze has requested (without citing authority), issue a declaration stating that Kubicek unlawfully stopped Haze. The Special Verdict form and the Judgment can serve as any sort of declaration the parties seek.

I also note that Haze mentions, in passing, that the jury's verdict on his unlawful arrest claim is also inconsistent with the jury's finding that Kubicek lacked reasonable suspicion. Though Haze mentions Seventh Circuit precedent that reminds law enforcement officers that the use of handcuffs usually elevates an investigatory stop to an arrest (*see* Docket # 111 at 3 (citing *Matz v. Klotka*, 769 F.3d 517, 524-25 (7th Cir. 2014)), the jury was instructed to consider many factors, including the use of handcuffs, when determining if

Kubicek arrested Haze (Docket # 26 at 26). The jury rejected Haze's claim that he was falsely arrested, and there is no basis on which to alter the jury's verdict.

Finally, I turn to Haze's motion for attorney's fees. In light of this decision, which awards Haze nominal damages on his unlawful stop claim, I will allow the plaintiff to renew that motion, if he wishes, within 14 days of the date of this order. Once the motion is filed, if at all, the briefing schedule found in the Local Rules will apply.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to alter or amend the judgment and for judgment notwithstanding the verdict (Docket # 101) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that the judgment shall be amended to reflect nominal damages in the amount of $1.00 on Haze's unlawful stop claim.

**IT IS ALSO ORDERED** that the plaintiff's motion for a new trial (Docket # 111) is **DENIED**.

**IT IS FURTHER ORDERED** that if the plaintiff wishes to renew his motion for attorney's fees (Docket # 102), he may do so within 14 days of the date of this order.

Dated at Milwaukee, Wisconsin this 8th day of December, 2016.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge